UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Steven Wilson,

Petitioner

v.

Jeremy Bean, et al.,

Respondents

Case No. 2:26-cv-00947-CDS-EJY

Order Granting Application to Proceed *in Forma Pauperis* and Order to Show Cause

[ECF Nos. 1, 1-1]

Petitioner Steven Wilson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. This matter is before the court for an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the court grants Wilson's application for leave to proceed *in forma pauperis* and orders Wilson to show cause why his petition should not be dismissed as wholly unexhausted.

I.    *In forma pauperis*

Generally, a $5.00 filing fee is required to initiate a habeas action in a federal district court. *See* 28 U.S.C. § 1914(a), Judicial Conference Schedule of Fees. However, this court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency. *See* 28 U.S.C. § 1915; LSR 1-1, 1-2. A person can demonstrate indigency by submitting an application to proceed *in forma pauperis* (IFP) on the form provided by the court and include specific financial information, such as a financial certificate, and a declaration confirming under the penalty of perjury that the financial information is true. *See id.*

Here, Wilson submitted a complete *IFP* application and financial certificate showing he is unable to pay the $5 filing fee. ECF Nos. 1, 4. The court finds Wilson qualifies for a fee waiver and grants the *IFP* application.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    Order to show cause

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round" of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003). Here, it appears that Wilson must show cause why his petition should not be dismissed because he has wholly failed to exhaust state court remedies for any of the claims raised by his petition.

Wilson alleges he is challenging a judgment of conviction entered by the Eighth Judicial District Court in Clark County Nevada on October 28, 2025. ECF No. 1-1 at 1. He does not provide a case number; however, he states that he was sentenced by Judge Erika Mendoza. *Id.* The Court takes judicial notice that Judge Erika Mendoza presided over *State of Nevada v. Steven Wilson* in Clark County Case No. C-16-316720-1. In 2017, after a prior competency determination in Justice Court, the State filed an Information charging Wilson with two counts of transporting a controlled substance. Wilson pleaded guilty to the charges on September 13, 2017. Sentencing was scheduled for January 10, 2018, but was continued, and on April 19, 2018, the state court issued a bench warrant. On June 2, 2025, a bench warrant return was filed in the case. Wilson

2

was apparently sentenced on October 28, 2025, to concurrent terms of 28 to 72 months imprisonment. Wilson's motion to withdraw his guilty plea was denied on March 30, 2026.

Wilson's federal petition, filed on March 30, 2026, alleges three grounds for relief (1) due to, among other things, his diagnoses for schizo-affective disorder, dissociative personality disorder, and legal incompetency, he was pressured to accept a plea agreement that he does not understand in violation of the Sixth Amendment; (2) his Due Process rights under the Fifth Amendment were violated because he is Native American and received worse treatment than white people accused of the same crimes; and (3) his sentence is cruel and unusual in violation of the Eighth Amendment because he was told he suffers from stage five kidney failure, was told he has 18 months to live in 2024 and 2025, and expects to die in prison. ECF No. 1-1 at 3–7.

This court takes judicial notice of the Clark County and Nevada Appellate Court records which reflect that Wilson has neither filed a direct appeal from the judgment in his state court case nor sought state-postconviction relief. *See* Nev. R. App. P. 4(a)(1) (requiring a notice of appeal must be filed "no later than 30 days after written notice of entry of the judgment or order appealed from is served."). Wilson has not given the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. Thus, Wilson has **through May 11, 2026**, to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

## III.    Conclusion

I order that Wilson's application for leave to proceed *in forma pauperis* **[ECF No. 1] is granted**.

I further order that Wilson has **through May 11, 2026**, to show cause why his petition should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Wilson's showing of cause must be factually detailed, and must, where possible, be supported by exhibits.

I further order that any failure by Wilson to timely and fully comply with this order will result in dismissal of this action without prejudice and without further advance notice.

Dated: April 9, 2026

_____
Cristina D. Silva
United States District Judge