UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Steven Wilson,

Petitioner

v.

Jeremy Bean, et al.,

Respondents

Case No. 2:26-cv-00947-CDS-EJY

**Order Dismissing Action Without Prejudice**

On March 30, 2026, pro se petitioner Steven Wilson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. On April 9, 2026, I granted Wilson's motion to proceed *in forma pauperis*, conducted my initial review of his petition under the Rules Governing Section 2254 Cases, and ordered Wilson to show cause in writing, by May 11, 2026, why this action should not be dismissed for failure to exhaust state remedies. ECF No. 5. Wilson was warned that failure to "timely and fully comply" with my order would "result in dismissal of this action without prejudice and without further advance notice." *Id.* at 4. Wilson did not comply with my order by filing a response to the order to show cause. I then gave Wilson a second and final opportunity to comply with my order by June 15, 2022, and Wilson was again warned that his failure to "timely and fully comply" with that second order will "result in dismissal of this action without prejudice and without further advance notice." ECF No. 6. Wilson again failed to respond to the order to show cause. I therefore dismiss Wilson's petition without prejudice based on his failure to comply with my previous orders.

## I. Discussion

"District courts have the inherent power to control their dockets," and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal[]" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may

dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to prosecute because petitioner failed to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of the above grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal because a rebuttable presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action, and Wilson has failed to rebut the presumption of prejudice to the respondents. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. The fifth factor requires consideration of whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been eroded" by *Yourish*). Courts "need not exhaust every sanction short of

dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Wilson's compliance with court orders, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. Conclusion

I order that Steven Wilson's petition for writ of habeas corpus **[ECF No. 1-1] is dismissed without prejudice** based on his failure to comply with my previous orders.

I further order that a certificate of appealability is denied as jurists of reason would not find the dismissal of the petition debatable or wrong.

I further order that under Rule 4 of the Rules Governing Section 2254 Cases, the clerk of court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from the respondents other than to respond to any orders of a reviewing court.

The clerk of the court is kindly instructed to enter final judgment accordingly and close this case.

Dated: July 17, 2026

Cristina D. Silva
United States District Judge